# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JACOB SHAW, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-2013-S-BK |
| | § | |
| GREENVILLE COURTHOUSE, | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.    BACKGROUND

On July 30, 2020, Plaintiff Jacob Shaw, a resident of Lewisville, Texas, initiated this case by filing a complaint against the Greenville Courthouse. Doc. 3 at 1. Shaw's *pro se* complaint is inartfully pled and difficult to decipher. He asserts *in toto*:

> I need to file a federal lawsuit to sue for federal government bonds. I would like to sue for $600 million dollars. I have been completely abandoned. I need to speak to the judge.

Doc. 3 at 1.

> On August 18, 2020, Shaw filed a supplemental pleading that alleges in its entirety:

> Please listen to me. I do not know what any of this means. I may need a judge to look over all of this. I need help getting this negative people out of my life. I need to sue for all of my finances back, the lost wages, and my pain and suffering. Please help me. I do not know what to do.

Doc. 6 at 1.  With his supplemental filing, Shaw encloses a 149-page attachment related to a guardianship proceeding for Jacob Dimon Shaw in Hunt County Texas.  *See In the Guardianship of Jacob Dimon Shaw, an Incapacitated Person*, No. G00490 (Cty. Court at Law No. 2, Hunt Cty, Texas).

Upon review, Shaw fails to present a sufficient basis for federal question or diversity jurisdiction and, as such, this action should be dismissed for want of jurisdiction.[1]

## II.    ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

---

[1] Although Shaw filed an incomplete motion to proceed *in forma pauperis*, stating "I don't have anything" and "I'm bankrupt," Doc. 4, it is more efficient to dismiss the complaint than to require compliance with this Court's filing requirements.

The Court liberally construes Shaw's pleadings with all deference due a *pro se* litigant.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Shaw has not alleged facts that establish federal question or diversity jurisdiction.

Shaw plainly fails to present a federal cause of action.  28 U.S.C. § 1331.  Shaw also has not pled the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship.  28 U.S.C. § 1332; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (concluding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  Moreover, no matter his dissatisfaction with the state guardianship proceeding, Shaw may not seek recourse in federal court.  The *Rooker-Feldman* doctrine[2] divests this Court of subject matter jurisdiction to review state court orders.  *See  Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (holding by virtue of the *Rooker-Feldman* doctrine, "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts'" (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)); *Clavo v. Townsend*, 544 F. App'x 549, 550-51 (5th Cir. 2013) (per curiam) (affirming dismissal of *pro se* federal lawsuit based upon denial of workers compensation benefits).

---

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Consequently, Shaw's complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Shaw in his original complaint and supplemental pleading clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on August 24, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).